*'This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1526**

Tamara Ann Cowan,
Respondent,

vs.

Commissioner of Public Safety,
Appellant.

**Filed July 21, 2014
Reversed
Rodenberg, Judge**

Stearns County District Court
File No. 73-CV-13-3778

Brian Nelson Steele, Steele Law Offices, PLLC, Minnetonka, Minnesota (for respondent)

Lori Swanson, Attorney General, Jeffrey S. Bilcik, Assistant Attorney General, St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Johnson, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Appellant Commissioner of Public Safety challenges the district court's order rescinding the revocation of respondent Tamara Ann Cowan's driver's license. Because the totality of the circumstances demonstrates that respondent consented to the chemical test, we reverse.

**FACTS**

On April 21, 2013, Stearns County Sheriff's Deputy Adam Johnson received a report of a car in a ditch. After he arrived at the scene, he noticed that respondent had "a strong odor of an alcoholic beverage coming from her" and had bloodshot, watery eyes and slurred speech. Respondent was unable to satisfactorily perform the field sobriety tests and admitted that she had been drinking alcohol. Respondent submitted to a preliminary breath test, which showed an alcohol concentration of .158. Deputy Johnson placed respondent under arrest.

At the police station, Deputy Johnson read respondent the implied consent advisory. Respondent stated that she understood the advisory and that she wanted to speak with an attorney. Respondent tried but was unable to reach an attorney. Deputy Johnson then "asked [respondent] if she would take a breath test and she said yes." The breath test showed an alcohol concentration of .16.

Appellant revoked respondent's driver's license pursuant to Minnesota's Implied Consent Law, Minn. Stat. § 169A.52, subd. 4(a) (2012), and respondent challenged the revocation. At the implied consent hearing, the parties stipulated to the introduction of (1) Deputy Johnson's narrative report, (2) the implied consent-advisory form, and (3) respondent's breath-test results. The parties also stipulated that Deputy Johnson did not seek a warrant before conducting the breath test. The district court rescinded the revocation of respondent's driver's license, concluding that respondent's "consent to the breath test was coerced." This appeal followed.

## DECISION

"When the facts are not in dispute, the validity of a search is a question of law subject to de novo review." *Haase v. Comm'r of Pub. Safety*, 679 N.W.2d 743, 745 (Minn. App. 2004). In reviewing the constitutionality of a search, "we independently analyze the undisputed facts to determine whether evidence resulting from the search should be suppressed." *Id.* A district court's conclusions of law are not overturned "absent erroneous construction and application of the law to the facts." *Id.*

The United States and Minnesota Constitutions guarantee people the right to be free from unreasonable searches. U.S. Const. amend. IV; Minn. Const. art. I, § 10. Collection and testing of a person's breath constitutes a search under the Fourth Amendment and requires a warrant or an exception to the warrant requirement. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13 (1989).

Consent is an exception to the warrant requirement. *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). "For a search to fall under the consent exception, the [s]tate must show by a preponderance of the evidence that the defendant freely and voluntarily consented." *Id.* In determining whether consent is voluntary, we consider the totality of the circumstances, "including the nature of the encounter, the kind of person the defendant is, and what was said and how it was said." *Id.* at 568-69 (quotation omitted). In the implied consent context, the nature of the encounter includes how the police came to suspect that the driver was driving under the influence, how the request to submit to chemical testing was made, including whether the driver was read the implied consent advisory, and whether the driver had the right to

3

consult with an attorney.  *Id.* at 569.  "[A] driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test."  *Id.* at 570.

In *Brooks*, our supreme court held that a driver voluntarily consented to testing where he did not dispute the existence of probable cause to believe that he had been driving while impaired, he was properly read the implied consent advisory, he was not subjected to repeated police questioning and did not spend days in custody before consenting, and he consulted with an attorney before he consented to testing.  *Id.* at 569-71.  The district court here did not have the benefit of our supreme court's decision in *Brooks* when it held that respondent's "consent to the breath test was coerced."

As in *Brooks*, respondent's consent to the breath test was not coerced.  The record concerning consent consists of documentary evidence only (and a stipulation that Deputy Johnson did not seek a warrant).  That record establishes that Deputy Johnson responded to a report of a car in a ditch and observed indicia of intoxication.  Respondent failed field sobriety testing and admitted that she had been drinking alcohol.  Deputy Johnson properly read the implied consent advisory.  Respondent stated that she understood the advisory and attempted to contact an attorney, but was unable to reach one.  Respondent then agreed to take a breath test.  Based on the totality of the circumstances, respondent voluntarily consented to the test.  Nothing in this record shows that respondent "was coerced in the sense that [her] will had been overborne and [her] capacity for self-determination critically impaired."  *See Brooks*, 838 N.W.2d at 571.  Because respondent consented to the breath test, the district court erred in rescinding the revocation of

4

respondent's driver's license, and we need not reach appellant's other arguments on appeal.

**Reversed.**